# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-cv-465-RWS |
| ) | |
| DONNA ANDERSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Daniel Eldon Kennemore's second motion for leave to proceed in forma pauperis. (ECF No. 7). Having reviewed the financial information provided therein, the Court will grant the motion. Additionally, for the reasons discussed below, the Court will deny Petitioner's motion to appoint counsel. (ECF No. 4). The Court will also require Petitioner to show cause why this case should not be dismissed.

### Background

The following information is drawn from the instant petition and Petitioner's previous legal proceedings.[1] In 1995, Petitioner was convicted of three counts of sodomy and was sentenced to three concurrent 10-year terms of imprisonment by the Circuit Court of St. Charles County. *See State v. Daniel Eldon Kennemore,* No. 11R019300463-01 (11th Jud. Cir. 1995). Following the expiration of his sentence in 2005, the state court ordered Petitioner committed to the custody of the Missouri Department of Mental Health pursuant to Missouri's Sexually Violent Predator Act,

---

[1] The Court may take judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (stating that a court may take judicial notice of its own records).

Mo. Rev. Stat. §§ 632.480-632.513. *See In re Care and Treatment of Daniel Kennemore,* No. 03PR124286 (11th Jud. Cir. 2003). Petitioner sought appellate review but voluntarily dismissed the appeal in March of 2006. *See In re Daniel Kennemore,* No. E.D. 86696 (Mo. Ct. App. 2006).

Petitioner has since filed several petitions for writ of habeas corpus in this Court. The outcomes of those cases are as follows:

- ***Kennemore v. Missouri,* No. 4:06-cv-1016-CEJ (E.D. Mo. July 5, 2006)**
  Dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for Petitioner's failure to comply with a court order.

- ***Kennemore v. Blake*, No. 4:08-cv-173-DJS (E.D. Mo. Feb. 4, 2008)**
  Dismissed for lack of jurisdiction.

- ***Kennemore v. Lawson*, No. 4:19-cv-1394-HEA (E.D. Mo. May 16, 2019)**
  Dismissed for failure to exhaust administrative remedies because Petitioner had not applied for release under Mo Rev. Stat. § 552.040.

- ***Kennemore v. Hacker*, No. 4:21-cv-231-SRW (E.D. Mo. Feb. 23, 2021)**
  Dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996.

- ***Kennemore v. Hacker*, No. 4:23-cv-951-ACL (E.D. Mo. July 28, 2023)**
  Dismissed for failure to exhaust administrative remedies because Petitioner had not applied for release under Mo Rev. Stat. § 552.040.

**Discussion**

Petitioner remains civilly committed under Missouri's Sexually Violent Predator Act. He challenges his commitment on five grounds: (1) "The Freemason's [sic] used witchcraft to frame [him];" (2) A Tennessee jail denied his bond even though it was paid; (3) He was extradited from Tennessee to Missouri without an extradition warrant; (4) Guards at the St. Charles County Jail beat and tortured him; and (5) "Physicians/witches" have been forcefully medicating him "for exposing the Government Witches, Freemasons, Jews, and Physicians." The petition is subject to dismissal for two reasons.

1. **Timeliness**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d):

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the present petition suggests that subsections (B), (C), or (D) apply in this case. The Court will therefore consider whether Petitioner timely filed his petition under § 2244(d)(1)(A).

A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2).

Petitioner was civilly committed to the Missouri Department of Mental Health on April 5, 2005. He voluntarily dismissed his appeal on March 3, 2006. Petitioner's judgment became final on that date. *See Gonzalez*, 565 U.S. at 150; *see also Kennemore v. Hacker*, No. 4:21-cv-231-SRW (E.D. Mo. Feb. 23, 2021) ("Petitioner's judgment became final on the day his time period for seeking direct review ended on March 3, 2006."). Thus, the one-year limitation period began running on March 7, 2006. *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from time computation the day of the event that triggers the period); *see also King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012). Petitioner filed the instant petition on March 26, 2024, more than 18 years after his judgment became final. For this reason, it appears the petition is untimely.

**2. Exhaustion of State Remedies**

A petitioner in state custody seeking relief under 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996 (8th Cir. 1996); s*ee also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) ("It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court."). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982). This requirement applies with equal force to habeas actions challenging custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). "To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).

Petitioner does not allege, nor does independent inquiry reveal, that he has applied for release under § 552.040, much less that he has appealed the denial of such relief to the Missouri Court of Appeals. Thus, it also appears Petitioner has failed to exhaust his state-court remedies.

### Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel in this action. (ECF No. 4). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Petitioner seeks relief under 28 U.S.C. § 2254. He has demonstrated up to this point that he can adequately present his claim to the Court. Additionally, neither the factual nor legal issues in this case appear to be complex. The Court concludes that the appointment of counsel is not warranted at this time.

### Conclusion

For the foregoing reasons, the Court will grant Petitioner's second motion for leave to proceed in forma pauperis and will deny Petitioner's motion to appoint counsel. The Court will also order Petitioner to show cause why this case should not be dismissed. *See Day v. McDonough*,

547 U.S. 198, (2006) (stating that a district court must, before *sua sponte* dismissing a habeas petition as time-barred, give a petitioner due notice and a fair opportunity to show why the petition should not be dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's second motion for leave to proceed in forma pauperis (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's original motion for leave to proceed in forma pauperis (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall show cause in writing, **no later than thirty (30) days** from the date of this Order, why this action should not be dismissed as time-barred and for Petitioner's failure to exhaust his state remedies.

Petitioner's failure to timely comply with this Order will result in the dismissal of this case without prejudice and without further notice to Petitioner.

                                                                              RODNEY W. SIPPEL
                                                                              UNITED STATES DISTRICT JUDGE

Dated this 19th day of July 2024.