UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:24-cv-465-RWS |
| DONNA ANDERSON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Daniel Eldon Kennemore's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1). On July 19, 2024, the Court ordered Petitioner to show cause why the Court should not dismiss this action as time-barred and for Petitioner's failure to exhaust state remedies. (ECF No. 10). The Court has reviewed Petitioner's response (ECF No. 11) and finds it unpersuasive. Thus, the Court will deny the petition and dismiss this action as time-barred and for failure to exhaust state remedies.

### Background

The following information comes from the instant petition and Petitioner's previous legal proceedings.[1] In 1995, Petitioner was convicted of three counts of sodomy and was sentenced to three concurrent 10-year terms of imprisonment by the Circuit Court of St. Charles County. *See State v. Daniel Eldon Kennemore,* No. 11R019300463-01 (11th Jud. Cir. 1995). Following the expiration of his sentence in 2005, the state court committed Petitioner to the custody of the

---

[1] The Court may take judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (stating that a court may take judicial notice of its own records).

Missouri Department of Mental Health pursuant to Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480-632.513. *See In the Matter of the Care and Treatment of Daniel Kennemore,* No. 03PR124286 (11th Jud. Cir. 2003). Petitioner sought appellate review but voluntarily dismissed the appeal in March of 2006. *See In the Matter of Daniel Kennemore,* No. ED 86696 (Mo. Ct. App. 2006).

Petitioner has since filed several petitions for writ of habeas corpus in this Court. The outcomes of those cases are as follows:

- ***Kennemore v. Missouri,* No. 4:06-cv-1016-CEJ (E.D. Mo. July 5, 2006)**
  Dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for Petitioner's failure to comply with a court order.

- ***Kennemore v. Blake*, No. 4:08-cv-173-DJS (E.D. Mo. Feb. 4, 2008)**
  Dismissed for lack of jurisdiction.

- ***Kennemore v. Lawson*, No. 4:19-cv-1394-HEA (E.D. Mo. May 16, 2019)**
  Dismissed for failure to exhaust administrative remedies because Petitioner had not applied for release under Mo Rev. Stat. § 552.040.

- ***Kennemore v. Hacker*, No. 4:21-cv-231-SRW (E.D. Mo. Feb. 23, 2021)**
  Dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996.

- ***Kennemore v. Hacker*, No. 4:23-cv-951-ACL (E.D. Mo. July 28, 2023)**
  Dismissed for failure to exhaust administrative remedies because Petitioner had not applied for release under Mo Rev. Stat. § 552.040.

Petitioner remains civilly committed under Missouri's Sexually Violent Predator Act. In the instant petition, he challenges his commitment on five grounds: (1) "The Freemason's [sic] used witchcraft to frame [him];" (2) A Tennessee jail denied his bond even though it was paid; (3) He was extradited from Tennessee to Missouri without an extradition warrant; (4) Guards at the St. Charles County Jail beat and tortured him; and (5) "Physicians/witches" have been forcefully medicating him "for exposing the Government Witches, Freemasons, Jews, and Physicians."

2

**Discussion**

Petitioner's response to the Court's Show Cause Order does not establish that Petitioner diligently pursued his rights or that extraordinary circumstances prevented him from filing his petition in a timely manner. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). Thus, the Court will deny the petition and dismiss this action.

1. **Timeliness**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2).

The statute of limitations in 28 U.S.C. § 2244(d) is also subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (explaining that equitable tolling may apply to an untimely 28 U.S.C. § 2254 petition "because the limitations period in § 2244(d)(1)

3

is not a jurisdictional bar"). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. 631, 649 (2010). The extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Here, Petitioner was civilly committed to the Missouri Department of Mental Health on April 5, 2005. He voluntarily dismissed his appeal on March 3, 2006, and his judgment became final on that date. *See Gonzalez*, 565 U.S. at 150; *see also Kennemore v. Hacker*, No. 4:21-cv-231-SRW (E.D. Mo. Feb. 23, 2021) ("Petitioner's judgment became final on the day his time period for seeking direct review ended on March 3, 2006."). Thus, the one-year limitation period began running on March 7, 2006. *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from time computation the day of the event that triggers the period); *see also King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012). Petitioner filed the instant petition on March 26, 2024, more than 18 years after his judgment became final.

In response to the Court's Show Cause Order, Petitioner argues that the Court should not dismiss his petition as time-barred because "the State of Tennessee and the State of Missouri both brought charges against [him] at the same time and also [his] ex-wife at the same time took [him] to court to change [his children's] last names while [he] was overwhelmed with legal actions[.]" He makes several other assertions, including that "a witches [sic] curse was causing [him] to be disabled mentally and physically" and that "The Freemasons, Jews, and Physicians . . . have established a Egyptian Witches Religion as a Government under the Egyptian Witches god OSIRIS[.]" He also claims that the State of Tennessee refused to release him after he paid his bond

4

and that "when Missouri's Extradition Statute of Limitations expired [he] was transported to Missouri by Missouri and there was no Extradition Warrant[.]"

Petitioner's allegations do not establish that he diligently pursued his rights or that he was thwarted by extraordinary circumstances. While Petitioner may have been "overwhelmed with legal actions," there is nothing to suggest it was impossible for him to file a petition in time. *See Kreutzer*, 231 F.3d at 463. The remainder of Petitioner's arguments are baseless and delusional. Consequently, the Court finds that equitable tolling does not apply to this case.

## 2. Exhaustion of State Remedies

A petitioner in state custody seeking relief under 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996 (8th Cir. 1996); s*ee also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) ("It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court."). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982). This requirement applies with equal force to habeas actions challenging custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). "To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).

Petitioner does not allege, nor does independent inquiry reveal, that he has applied for release under § 552.040, much less that he has appealed the denial of such relief to the Missouri Court of Appeals. In response to the Court's Show Cause Order, Petitioner offers the same

5

arguments he made regarding his petition's timeliness. He does not refute the Court's assessment that he has not applied for release under § 552.040. Accordingly, the Court finds that Petitioner has not exhausted his state remedies.

## Conclusion

For the foregoing reasons, the Court will deny the petition and dismiss this action as untimely and for Petitioner's failure to exhaust state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and **DISMISSED** as time-barred and for Petitioner's failure to exhaust state remedies. *See* 28 U.S.C. §§ 2244(d)(1); 2254(b).

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Amend, to be released, and receive a fair settlement" (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this __29th__ day of __August__, 2024.